IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VELIE and VELIE, P.L.L.C.; and<br>JONATHAN VELIE,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>ONNAM ENTERTAINMENT, L.L.C.;<br>SANDRA MANNO; and TRUE<br>NATIVE AMERICAN GAMING, L.L.C.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number CIV-07-514-C |

MEMORANDUM OPINION AND ORDER

Plaintiffs filed the present action asserting claims for breach of contract, unjust enrichment and defamation. Plaintiffs' claims arose from a business relationship between Plaintiffs and Defendants Onnam Entertainment, L.L.C. ("Onnam"), and Sandra Manno. According to Plaintiffs, Ms. Manno, as CEO of Onnam, hired them to perform legal services for the benefit of Onnam. Plaintiffs allege that despite the contract between the parties, Defendants have failed to pay them for services rendered. Additionally, Plaintiffs allege that Defendant Manno made certain defamatory remarks about Plaintiff Jon Velie.

Defendant True Native American Gaming, L.L.C. ("TNAG"), filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). According to TNAG, Plaintiffs' claims against it must be dismissed as they fail to state a claim for relief. Specifically, TNAG argues that Plaintiffs have alleged a breach of contract but only alleged the existence of a

contract between Plaintiffs and Onnam. TNAG argues the same facts preclude the existence of a claim for unjust enrichment or defamation.

TNAG's motion must be denied. Plaintiffs' Amended Complaint makes the following allegations against TNAG:

> 17. Upon information and belief, the owners of Onnam and True Native American Gaming are the same. Upon information and belief, the owners were aware that Velie and Velie had filed suit against Onnam to collect unpaid legal fees before they incorporated True Native American Gaming.
>
> 18. Upon information and belief, True Native American Gaming is engaged in the same business as Onnam. True Native American Gaming engages in the development, financing, management, and consulting on Native American casinos.
>
> 19. Upon information and belief, True Native American Gaming fraudulently transferred assets from Onnam to True Native American Gaming. Upon information and belief, True Native American Gaming has assumed the benefit of the contract Jon Velie helped negotiate between Onnam and the Caddo Nation. The contract between the Caddo Nation and Onnam was for the purpose of conducting gaming for the Caddo Nation.
>
> . . . .
>
> 29. True Native American Gaming is liable for the debt owed by Onnam as there is continuity of business from Onnam to True Native American Gaming. Therefore, True Native American Gaming is in breach of contract and liable to Velie and Velie for such breach.
>
> . . . .
>
> 33. Defendants have retained a benefit from the work performed by Velie and Velie. Defendants have not paid for the benefit they received from the services provided by Velie and Velie.

(Dkt No. 20). Under Oklahoma law,

> The general rule, which is well settled, is that where one company sells or otherwise transfers all its assets to another company, the latter is not liable for the debts and liabilities of the transferor. Exceptions to the rule are: (1) Where there is an agreement to assume such debts or liabilities (2) Where the circumstances surrounding the transaction warrant a finding that there was a consolidation or merger of the corporations, or (3) that the transaction was fraudulent in fact or (4) that the purchasing corporation was a mere continuation of the selling company.

Pulis v. United States Elec. Tool Co., 1977 OK 36, ¶ 5, 561 P.2d 68, 69. The allegations in the above noted paragraphs plausibly support a legal claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215, n. 2 (10th Cir. 2007), citing Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007). TNAG's challenge to the defamation claim also fails as under Oklahoma law an entity such as TNAG can be held liable for the tortious conduct of its CEO. The allegations set out above would place Ms. Manno in that role and thereby make TNAG liable if it is proved that Plaintiffs were defamed. Thus, Defendant TNAG's motion must be denied.

As set forth more fully herein, Defendant True Native American Gaming's Motion to Dismiss (Dkt. No. 26) is DENIED.

IT IS SO ORDERED this 4th day of January, 2008.

_/s/ Robin J. Cauthron_
ROBIN J. CAUTHRON
United States District Judge