IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

VELIE and VELIE, P.L.L.C. and JONATHAN VELIE,

Plaintiffs,

vs.

Case Number CIV-07-514-C

ONNAM ENTERTAINMENT, L.L.C.; SANDRA MANNO; TRUE NATIVE AMERICAN GAMING, L.L.C.; TRUE GAMING INTERNATIONAL, L.L.C.; JOEL GOLD; SIMON RAPPS; ARYEH LIGHTSTONE; and LYNWOOD SMITH,

Defendants.

**MEMORANDUM OPINION**

Plaintiffs filed the present action seeking to recover attorneys' fees expended in providing services to Defendant Onnam Entertainment, L.L.C. ("Onnam"). According to Plaintiffs, they had a contract to provide legal services for Onnam. Plaintiffs allege they have performed legal services in excess of $75,000.00 for which they have not been paid. Plaintiffs allege that after Onnam was served with the lawsuit, it formed a new company, True Native American Gaming, L.L.C. ("TNAG"). After Plaintiffs sought a default judgment against TNAG in October of 2007, it sought dismissal of Plaintiffs' claim alleging Plaintiffs' contract was with Onnam, not TNAG. Finding the allegations in Plaintiffs' Complaint plausibly supported a claim for relief, the Court denied TNAG's motion. TNAG then filed an Answer and the Court entered a Scheduling Order. In June, TNAG's attorney was permitted to withdraw after informing the Court that his client would not communicate

with him and would not follow his advice regarding the lawsuit. As part of the Order permitting withdrawal, the Court advised TNAG that its obligations regarding the deadlines in the action remained and that failure to comply would result in sanction including default judgment. The Court also ordered TNAG to secure new counsel and that counsel should enter an appearance within 14 days of the Court's Order.

Plaintiffs now seek default judgment against Defendants Onnam, TNAG, Manno, Gold and Rapps.[1] According to Plaintiffs, despite the Court's Order, TNAG has failed to timely respond to discovery requests. Review of the Court file reflects that new counsel for TNAG has not entered an appearance despite the passing of the Court's deadline. The Court file also reflects that Plaintiffs have filed an Amended Complaint adding True Gaming International, L.L.C., Joel Gold, Aryeh Lightstone, Simon Rapps and Linwood Smith as Defendants. Plaintiffs served Defendants Gold and Rapps on July 8, 2008. Although the time has passed, Defendants Gold and Rapp have not answered or otherwise responded to the Amended Complaint.

Plaintiffs are entitled to default under the terms of Fed.R.Civ.P. 55(b). The Court file reflects proper service upon Defendants Onnam, Manno, TNAG, Gold and Rapp.[2] None of

---

[1] The text of Plaintiffs' brief includes TNAG twice in identifying the parties against whom judgment is sought. Because there is no indication in the Court file that service has been obtained on True Gaming International, L.L.C., the Court finds the error to be duplication not misnomer.

[2] Defendants Onnam, Manno and TNAG were served by serving the Amended Complaint on their counsel. See Fed.R.Civ.P. 5.

these Defendants have filed a timely answer to the Amended Complaint and accordingly, Plaintiffs are entitled to default judgment against these Defendants.

Plaintiffs' request as to Defendants Onnam, Manno and TNAG may also be granted as a sanction pursuant to Fed.R.Civ.P. 16(f) and 37. The Tenth Circuit has stated that dismissal is an available sanction when a party has failed to defend a case or comply with local or federal procedural rules. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Before entering default, the Court must consider the five factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir.1992). Those five criteria are:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Id. at 921. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default judgment] an appropriate sanction." Id.

Here, there is significant prejudice to Plaintiffs. This matter was originally filed in April of 2007 to recover fees owed for work performed in 2006. Because of the delays caused by Defendants, this matter is no closer to resolution than it was on filing. Indeed, the Court file is replete with examples of Defendants' dilatory conduct. Almost immediately after removing the matter to this Court, Defendants' counsel sought to withdraw. Because Defendants did not timely secure new counsel, the Scheduling Conference was delayed. This occurred despite the Court having Ordered Defendants to obtain new counsel within 20 days

of the date counsel was permitted to withdraw. Some five months later, Plaintiffs sought default due to Defendants failure to appear and defend. Defendants then finally secured new counsel. Only after one year was the case ready for entry of a Scheduling Order. Shortly thereafter, Defendants' new counsel sought to withdraw, citing his clients' conduct. The Court permitted the withdrawal but ordered Defendants to secure new counsel within 14 days and provide responses to Plaintiffs' discovery within that time period. Defendants have ignored the Court's directive. In light of these delays, all due to Defendants, the Court finds Plaintiffs have been significantly prejudiced.

The second factor considers the amount of interference with the judicial process. Again, Defendants' conduct has caused significant interference. As noted above, this case has languished on the Court's docket for over a year as a direct result of Defendants' conduct. Further, Defendants have on several occasions ignored the Court's Orders. Finally, the Court notes this matter is set for trial in January of 2009, with discovery to be completed by November 1, 2008. Given the current state of affairs, neither deadline can be met. Thus, absent further Court action, this matter will remain pending.

The third factor seeks to determine if counsel or the litigant is at fault for the misconduct. Here, the Court finds fault lies solely at the feet of Defendants. Despite having been directly warned several times by the Court, Defendants have been steadfast in their disobedience.

As for the fourth and fifth factors, the Court finds they also weigh in favor of default. Defendants have been warned that continued misconduct could result in default. Despite this

warning, they have not complied with the Court's Orders or the Federal Rules. Likewise, given these actions, it is unlikely that any lesser sanction would cause compliance. In short, Defendants' conduct has manifested that they have no intent to defend themselves in this matter or to comply with the Court's Orders. Accordingly, Plaintiffs are entitled to default judgment.

Plaintiffs have not filed an affidavit or other evidentiary material establishing the amount of their loss. However, the amount has been set forth in the Amended Complaint and in the brief in support of the present motion. Finding that the well supported factual allegations in the Amended Complaint are true, the Court finds that Plaintiffs are entitled to recover $75,085.83 from Defendants.

For the reasons set forth herein, Plaintiffs' Motion for Default Judgment (Dkt. No. 43) is GRANTED. Plaintiffs are entitled to Judgment in the amount of $75,085.83 from Defendants Onnam Entertainment, L.L.C.; True Native American Gaming, L.L.C. ("TNAG"); Sandra Manno; Joel Gold and Simon Rapps. A separate Judgment will issue.

IT IS SO ORDERED this 22nd day of August, 2008.

ROBIN J. CAUTHRON
United States District Judge